Affirmed and Memorandum Opinion filed January 13, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00972-CR

___________________

 

Alfredo Ramos, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the 337th District Court

Harris County,
Texas



Trial Court Cause No. 913663

 



 

 

MEMORANDUM OPINION

            In
this appeal of his conviction for aggravated robbery, appellant Alfredo Ramos
argues that the trial court erred in excluding evidence he characterizes as a
statement against penal interest tending to show that someone else committed
the offense.  We affirm.  

I. 
Background

            In
the early morning hours of May 25, 2002, John Mendez Jr. and Ovidio Rodriguez
Jr. were seated on the porch of Rodriguez’s residence when Rodriguez received a
telephone call from Cynthia Fierro.  Fierro asked Rodriguez to sell cocaine on
credit to Fierro’s boyfriend, Victor Ramos, but Rodriguez declined.  Fierro
relayed this information to Victor, who seemed upset.  

            Within an
hour after this phone call, Mendez saw a Chevrolet Suburban drive past
Rodriguez’s house repeatedly.  The driver eventually stopped the vehicle
outside Rodriguez’s house and Mendez heard the door on the passenger side of
the vehicle slam.  Both Rodriguez and Mendez saw appellant, Victor’s brother
Alfredo Ramos, approach the house using a peculiar walk.  As Mendez described
it, appellant walked to the gate of the yard keeping one leg straight “as if he
had something on the side of his leg.”  When Rodriguez went to appellant to see
what he wanted, appellant raised an AK-47, pointed it at Rodriguez, and told
him, “Give me everything.”  Mendez asked what was going on, and as he came up to
the men, appellant pointed the gun at Mendez.  Mendez grabbed the barrel of the
gun and struggled to wrest it from appellant, but appellant shot Mendez twice. 
When Mendez fell to the ground, appellant shot him again.  Rodriguez ran to the
other side of the house, and as appellant followed, Mendez heard additional
shots fired from the direction of the Suburban.  Appellant stopped pursuing
Rodriguez and returned to Mendez, where he pointed the gun at Mendez’s face while
Mendez begged for his life.  Rodriguez’s pit bull terrier then grabbed
appellant’s leg, and appellant shot the dog.  The dog “took off,” and appellant
walked back to the Suburban.  When Rodriguez emerged from the side of the
house, appellant and the Suburban had left.  By this time, Mendez had been shot
“at least six or seven times.”  

            Mendez
survived, and both he and Rodriguez identified appellant as the assailant. 
Specifically, both Mendez and Rodriguez stated that the assailant was Victor
Ramos’s brother, selected appellant’s photograph from an array, and identified
appellant by his name or nickname.  The jury found appellant guilty as charged
in the indictment, used a deadly weapon in committing the offense, and had two
prior final felony convictions.  Based on these findings, the jury assessed
punishment at thirty-five years’ confinement in the Texas Department of
Criminal Justice, Institutional Division. 

II.  Issue Presented

            In a single
issue, appellant contends the trial court erred in excluding testimony that
someone else had implicated himself as the person who committed the aggravated
robbery.  Specifically, Fierro offered testimony that two or three months after
the shooting, she overheard someone at a party state that he shot a pit bull. 
The relevant portion of the proffered testimony is as follows:

Q:        Steven Davilla was a high school classmate of
yours, right?

A:        Yes.  Not a classmate, but I knew who he was at
school.

Q:        Certainly
someone that was in your class and you knew him.  He was there that night partying
with everybody?

A:        Yes.

Q:        But
you had a conversation where you heard him, some point later, and he was
bragging or talking about the fact that he had shot and killed a pit bull,
correct?

A:        Correct.

Q:        And
he was referring back to the date and time on May 25, 2002, the shooting?

A:        Correct.

Q:        Correct?

A:        Yes.

Q:        And
then he went on further to state and brag that he was the one that shot John
Mendez, correct?

A:        I don’t
remember the part of him saying he shot John Mendez, but I do remember when he
said that he did shoot the dog.

Q:        That he shot the dog?

A:        The pit bull.

Q:        Do
you remember telling my investigator that you recall that [he] was bragging
about the fact that he was the shooter?

A:        No.

Q:        So, all you remember is him talking about shooting
the dog?

A:        I
wasn’t exactly in that conversation, but I just heard him say that the dog bit
his shoe.  So, he shot the dog.

Q:        And you knew he was referring to the May 25,
2002, event?

A:        Yes.

            According to
appellant, this testimony was admissible as a statement against penal interest,
see Tex. R. Evid. 803(24),
and its exclusion violated his due process right to put on a proper defense at
trial.  We review the trial court’s decision for abuse of discretion.  Walter
v. State, 267 S.W.3d 883, 900 (Tex. Crim. App. 2008); Prince v. State,
192 S.W.3d 49, 59 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).

III.  Analysis

            Before a
statement against penal interest becomes admissible, the trial court must
determine (1) whether the statement, considering all the circumstances,
subjects the declarant to criminal liability and whether the declarant realized
this when he made that statement; and (2) whether corroborating circumstances
clearly indicate the trustworthiness of the statement.  Walter v. State,
267 S.W.3d 883, 890–91 (Tex. Crim. App. 2008).  The determination of whether
corroborating circumstances clearly indicate trustworthiness lies within the
trial court’s sound discretion.  Cunningham v. State, 877 S.W.2d 310,
313 (Tex. Crim. App. 1994) (en banc).  When analyzing the sufficiency of
corroborating circumstances, factors that may be considered include, but are
not limited to, (1) whether the declarant’s guilt is inconsistent with the
defendant’s guilt, (2) whether the declarant was so situated that he or
she might have committed the crime, (3) the timing of the declaration,
(4) the spontaneity of the declaration, (5) the relationship between
the declarant and the party to whom the statement was made, and (6) the
existence of independent corroborating facts.  Dewberry v. State, 4
S.W.3d 735, 751 (Tex. Crim. App. 1999); Davis v. State, 872 S.W.2d 743,
749 (Tex. Crim. App. 1994).  

            It is
helpful in this case to view the proffered testimony in context.  When
appellant offered Ms. Fierro’s testimony, no eyewitnesses had testified. 
Officer Steven Gage of the Houston Police Department had testified that when he
arrived on the scene, paramedics were attending to a man with serious injuries,
and ten to twelve feet away, a dog lay dead from a gunshot wound.  Eleven shell
casings were recovered from the scene, and were found as far as fifty feet from
the victim.  Gage stated that an AK-47 was the only type of weapon used, but it
was not known how many weapons were used in the offense.  Gage also explained
that appellant was identified as the assailant, and that Rodriguez told him
Victor Ramos might have been in the Suburban as well.  The area where Rodriguez
indicated that the Suburban was parked was approximately fifty feet from where
Mendez fell.

            Out of the
jury’s presence, appellant then offered Fierro’s testimony that two or three
months after the shooting, she overheard a man at a party say that he shot and
killed a pit bull that bit his shoe.  Although Fierro agreed with appellant’s
counsel that she understood Davilla to have been referring to the events of May
25, 2002, the reason for this belief is unknown.  She stated that appellant’s
brothers Victor and Carlos were at the same party but appellant was not, and
she did not identify the persons to whom Davilla was speaking.  She further
stated that based on statements made by appellant and his brothers, she
believed other people were in the Suburban and that appellant was present
during the crime, but she believed appellant was innocent; however, she also stated
that after the shooting, appellant came frantically into Victor’s house.  He
appeared nervous and was “running around” carrying something that looked like a
large firearm, but she couldn’t be sure because the object was wrapped in a
blanket.  

            The trial
court excluded her testimony about the overheard conversation, stating, “[A]t
this point in the trial, I’m going to not allow its admission.  I will listen
to more testimony.  If anything changes, you can make your argument again.  But
I have problems with its admission at this point.”  Although Mendez and
Rodriguez subsequently testified that appellant shot Rodriguez’s pit bull bit
after it bit him, appellant did not renew his motion for the admission of
Fierro’s testimony about Davilla’s statement.

            Even if we
assume that Davilla made the statement described by Fierro with the knowledge
that it could subject him to criminal liability, such an admission does not
tend to exculpate appellant of the offense of aggravated robbery.  The
witnesses testified that the dog attacked appellant when he stopped pursuing
Rodriguez and returned to where Mendez lay on the ground, but the evidence does
not indicate the dog’s location when Mendez heard shots fired from the
direction of the Suburban while appellant was chasing Rodriguez, and it does
not appear from the record that anyone examined the dog’s body to determine if
it had been shot more than once.  

            Davilla’s
purported admission also was not shown to be trustworthy.  We have no
information as to whether Davilla was so situated that he might have shot the
dog or Mendez.  We do not know the identity of the person to whom Davilla was
speaking, the relationship between them, or whether the declaration was
spontaneous.  We know only that Davilla’s statement was made months after the
offense.  And although appellant infers that the aggravated robbery could have
been committed only by Davilla, that inference is undermined by a wealth of
evidence of appellant’s guilt, regardless of whether anyone else shot a pit
bull terrier that day.  Thus, we overrule the sole issue presented in this
appeal.

IV.      Conclusion

            On this
record, we cannot conclude that the trial court abused its discretion in
excluding the offered testimony.  See Davis, 872 S.W.2d at 749.  We therefore
affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).